IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01559

JOHN MEGGS, an Individual, and
ACCESS 4 ALL, INC., a Florida Not for Profit Corporation

   Plaintiffs,

vs.

GPIF BROWN PALACE HOTEL LLC, a Delaware Limited Liability Company

   Defendant.
_____/

# COMPLAINT

## Introduction

Plaintiffs, JOHN MEGGS, an Individual, and ACCESS 4 ALL, INC., a Florida Not for Profit Corporation, ("Plaintiffs" or "Plaintiffs") on their behalf and on behalf of all other mobility impaired individuals similarly situated hereby sues the Defendant, GPIF BROWN PALACE HOTEL LLC, a Delaware Limited Liability Company ("Defendant") for injunctive relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA") and the Colorado Anti-Discrimination Act, C. R. S. § 24-34-601 et seq. ("CADA").

## The Parties

1. Plaintiff, JOHN MEGGS, is an individual over eighteen years of age and is otherwise sui juris. Although a resident of California, Mr. Meggs splits his time between California and Colorado.

1

2. Plaintiff, ACCESS 4 ALL, INC., is a Florida Not for Profit Corporation with a mission of ensuring enjoyment and equal access for disabled persons in all places of public accommodation. This entity was formed under the laws of the State of Florida and remains in good standing.

3. Defendant, GPIF BROWN PALACE HOTEL LLC, a Delaware Limited Liability Company, owns or operates a place of public accommodation alleged by the Plaintiffs to be operating in violation of Title III of the ADA and the CADA.

## Jurisdiction and Venue

4. Defendant's property, also known as the Holiday Inn Express Denver Downtown, an IHG Hotel ("Holiday Inn Express"), is a hotel located at 1715 Tremont Place, Denver, Colorado 80202, in the County of Denver ("Subject Property").

5. Venue is properly located in the District of Colorado because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

6. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.[1]

7. Jurisdiction over the state law claim vests with this Court pursuant to 28 U.S.C § 1367.

8. The Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA. The Defendant is thus required to comply with the obligations of the ADA.[2]

---

[1] See also 28 U.S.C. § 2201 and 28 U.S.C. § 2202
[2] 28 CFR § 36.201(a) and 28 CFR § 36.104

2

9. Plaintiff, JOHN MEGGS, is an individual with disabilities as defined by and pursuant to the ADA. Mr. Meggs is a paraplegic, with no use of his legs, stemming from a severe spinal cord injury and therefore has a physical impairment that substantially limits many of his major life activities[3] including, but not limited to, not being able to walk or stand. Mr. Meggs requires the use of a wheelchair to ambulate.

10. Plaintiff organization, ACCESS 4 ALL, INC., is comprised of individuals with disabilities, as defined by the ADA. The primary purpose of this organization is to represent the interest of its members by ensuring that they are not discriminated against at places of public accommodation.

## Factual Background

11. Mr. Meggs is a staunch advocate of the ADA. Since becoming aware of his rights, and their constant infringement, he has dedicated his life to this cause so that he, and others like him, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers.

12. Mr. Meggs encounters architectural barriers at many of the places that he visits. Seemingly trivial architectural features such as parking spaces, ramps, and door handles are taken for granted by the non-disabled but, when implemented improperly, are cumbersome, arduous, and even dangerous for him and other wheelchair users.

13. The barriers to access that Mr. Meggs experiences at differing places of public accommodation are similar in nature. For example, he is repeatedly faced with sloping in parking lots, improper curb ramps, and non-accessible guestrooms (even when designated "accessible" or "handicapped"). He has become endlessly frustrated and disheartened by the repetitiveness of the

---

[3] as defined by 28 CFR § 36.105(b)(1-2)

complaints he has been forced to make to the employees and management at various establishments in the past, normally to no avail.

14. Mr. Meggs has visited the Holiday Inn Express on multiple occasions, his last visit occurring on or about April 14, 2022. Mr. Meggs stayed at the Holiday Inn Express as an overnight guest and bone fide purchaser to avail himself of the goods and services offered to the public within but found that the Subject Property was littered with violations of the ADA, both in architecture and in policy.

15. Mr. Meggs has a reservation to return to the Holiday Inn Express on January 6, 2023, during a visit to the Denver area where he is a frequent traveler, regularly conducts business, and is speculating on property. He intends to revisit the Holiday Inn Express not only as an overnight guest but also to monitor any progress made with to respect to ADA compliance - he truly hopes that this visit is not made in vain.

16. Mr. Meggs has personally encountered exposure to architectural barriers and otherwise harmful conditions that have endangered his safety at the Holiday Inn Express.

17. The ADA has been law for over thirty (30) years and the Subject Property remains non-compliant. Thus, the Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination by the Defendant.

18. Thus, Plaintiffs have a realistic, credible, existing, and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the barriers he has personally experienced which are listed in paragraph 23 of this complaint.

19. Following any resolution of this matter Plaintiffs will ensure that the Subject Property undertakes the remedial work that is required under the appropriate standard and is compliant with

the ADA. This reinspection will occur as set forth in the parties' settlement agreement or as ordered by this Court.

## COUNT I
### Violation of Title III of the
### Americans with Disabilities Act, 42 U.S.C. § 12181, et seq.

20. Plaintiffs reallege and incorporate by reference all the allegations contained in all the preceding paragraphs.

21. The Defendant has discriminated against the Plaintiffs, and others similarly situated, by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Property, as prohibited by the ADA.

22. A preliminary inspection of the Subject Property has shown that violations of the ADA exist. That inspection, performed by Plaintiffs expert, further revealed that the remediation of all violations/barriers listed in paragraph 23 are readily achievable.

23. The following are architectural barriers and violations of the ADA that Mr. Meggs has personally encountered during his visits to the Holiday Inn Express:

**Entrance Access and Path of Travel**

    a. There is no compliant route from transit, sidewalk, and parking areas for Mr. Meggs to access the Holiday Inn Express; this is violation of ADAAG Sections 4.1.2 and 4.3 and Sections 402, 403, 405, and 406 of the 2010 ADA Standards. Mr. Meggs could not safely access the building due to the lack of accessible route; he was forced to travel around obstacles and through the traffic area to reach the building.

    b. The elevator located within Holiday Express contains controls mounted 54" above finished floor (such are required to be mounted at 48" or below) and otherwise fails to comply with

   the ADAAG and the 2010 ADA Standards.

**Access to Goods and Services**

 c. The Holiday Inn Express fails to make reasonable accommodations in policies, practices, and procedures to provide for the full and equal enjoyment of disabled individuals nor does it maintain the elements which are required to be accessible and usable by persons with disabilities as required by 28 CFR § 36.211. For example, a failure to remove debris and stored goods on counter tops and a failure to maintain clearance to accessible elements and paths of travel prevented Mr. Meggs from freely traveling about the hotel and using the accessible elements, including but not limited to vending machines, tabletops, writing surfaces, and dining tables.

 d. Mr. Meggs could not access the dining and lounge tables nor the guest workstations as they lack the proper knee and toe clearance necessary for him to approach and make use of; these barriers a violation of the ADAAG and Sections 308 and 902 of the 2010 ADA Standards. These barriers have prevented Mr. Meggs from comfortably accessing these elements within the hotel.

**Restrooms**

 e. Due to its improper height, Mr. Meggs was unable to make use of the mirror within the restroom, a violation of the ADAAG and the 2010 ADA Standards.

 f. The restroom contains dispensers and storage areas which are mounted improperly, a violation of the ADAAG and Section 308 of the 2010 ADA Standards. Mr. Meggs was unable to reach the improperly mounted dispensers.

 g. The toilet stalls are improperly designed and usable by Mr. Meggs; a violation of the ADAAG and Sections 604 and 609 of the 2010 ADA Standards. Barriers to access within

the stall include improperly mounted grab bars and stall doors which are not self-closing.

**Accessible Guestrooms and Suites**

    h. The main door used to enter/exit the guestroom lacks the requisite maneuvering clearance and latch-side clearance, and thus Mr. Meggs was unable to exit the room freely without assistance. This presents wheelchair users with the potential of becoming trapped inside the room and violates ADAAG Sections 4.13.9 and 9.2.2(3) and Section 404 of the 2010 ADA Standards.

    i. The door used to enter/exit the bedroom within the guestroom lacks the requisite maneuvering clearance and latch-side clearance, and thus Mr. Meggs was unable to exit the bedroom freely without assistance. This presents wheelchair users with the potential of becoming trapped inside the bedroom and violates ADAAG Sections 4.13.9 and 9.2.2(3) and Section 404 of the 2010 ADA Standards.

    j. The maneuvering space around the bed inside the guestroom is inadequate and prevented Mr. Meggs from freely transferring from his wheelchair into either bed without assistance; this violates the ADAAG and Sections 305 and 806.2.3 of the 2010 ADA Standards.

    k. The drapery wands, controls on lamps, and HVAC controls are mounted beyond Mr. Meggs' reach, violating the ADAAG and Section 308, 309, and 806.2.1 of the 2010 ADA Standards.

    l. The roll-in shower within the guestroom does not possess the requisite clear floor space, is outfitted with an improperly mounted spray unit, and contains improper grab bars,; these barriers violate the ADAAG and Sections 308, 607, 608, 608.2.2, 608.2.3, and 609 of the 2010 ADA Standards. The shower must contain a securely mounted folding seat, controls which are easily accessible from said seat and a flat surface for entry into the shower. Due

      to the lack of accessibility Mr. Meggs could not freely shower.

m. The tub located within the guestroom lacks the horizontal grab bars required for stabilization in transfer from a wheelchair to a tub seat; a violation of the ADAAG and the 2010 ADA Standards. Mr. Meggs could not utilize the tub due to the missing grab bars.

n. Towel racks/bars and other storage surfaces are mounted above the allowable limits, a violation of the ADAAG and the 2010 ADA Standards. Due to their improper location Mr. Meggs was unable to make full use of the facilities.

o. The water closet within the guestroom restroom contains improperly mounted grab bars; all in violation of Section 604 of the 2010 ADA Standards. Due to the foregoing, Mr. Meggs could not safely transfer onto the water closet, he could not make full use of the water closet without assistance.

p. The lavatory within the restroom lacks the requisite drainpipe/hot water pipe insulation and are not otherwise configured to prevent contact, a violation of the ADAAG and Section 606 of the 2010 ADA Standards. Mr. Meggs could not access the lavatory because of the lack of insulation.

q. Due to its improper height, Mr. Meggs was unable to make use of the mirror within the restroom, a violation of the ADAAG and the 2010 ADA Standards.

24. Each of the foregoing violations is also a violation of the ADA Standards for Accessible Design, originally published on July 26, 1991 and republished as Appendix D to 28 CFR part 36 ("1991 Standards"); the "2004 ADAAG", which refers to ADA Chapter 1, ADA Chapter 2, and Chapters 3 through 10 of the Americans with Disabilities Act and the Architectural Barriers Act Accessibility Guidelines, which were issued by the Access Board on July 23, 2004 and codified at

36 CFR § 1191, appendix B and D; and the 2010 Standards for Accessible Design ("2010 ADA Standards"), as promulgated by the U.S. Department of Justice.[4]

25. The discriminatory violations described in paragraph 23 may not be an exhaustive list of the ADA violations that exist at the Holiday Inn Express, but they are the result of a preliminary inspection conducted by the Plaintiffs and include all those personally experienced by Mr. Meggs. Plaintiffs require thorough inspection of the Defendant's place of public accommodation to photograph and measure the architectural barriers which exist at the Subject Property and violate the ADA.

26. Plaintiffs, and all others similarly situated, will continue to suffer discrimination, injury and damage without the immediate relief provided for by the ADA and requested herein.

27. Defendant has discriminated against Plaintiffs, and all those similarly situated, by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of the ADA.

28. Defendant continues to discriminate against Plaintiffs, and all those similarly situated, by failing to remove architectural barriers, and communication barriers that are structural in nature.[5]

29. Defendant continues to discriminate against Plaintiffs, and all those similarly situated, by failing to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.[6]

---

[4] 28 CFR § 36.104
[5] 42 U.S.C. § 12181(b)(2)(A)(iv)
[6] 42 U.S.C. § 12181(b)(2)(A)(ii)

30. Defendant continues to discriminate against Plaintiffs, and all those similarly situated, by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.[7]

31. If the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993[8] then the Defendant's facility must be readily accessible to and useable by individuals with disabilities in accordance with the 1991 Standards.

32. Pursuant to 28 CFR § 36.304(a)(1) "any alteration" made to the Subject Property after January 26, 1992, must have been made so as to ensure that, to the maximum extent feasible, the altered portions of the Subject Property are readily accessible to and usable by individuals with disabilities, including individuals, like Mr. Meggs, who use wheelchairs. An alteration is deemed to be undertaken after January 26, 1992, if the physical alteration of the property begins after that date.[9]

33. Pursuant to 28 CFR § 36.304(a) Defendant shall remove all existing architectural barriers, including communication barriers that are structural in nature, where such removal is readily achievable.

34. 28 CFR § 36.304(d)(2)(i) controls with respect to the corresponding technical and scoping specification to which each element at the Holiday Inn Express must comply with or be modified to meet. Those are defined as follows:

   a. Elements that have not been altered since on or after March 15, 2012, must comply with

---

[7] 42 U.S.C. § 12181(b)(2)(A)(iii)
[8] as defined by 28 CFR § 36.401(a)(2)
[9] 28 CFR § 36.402(a)(2)

   the 1991 Standards.

   b. Elements that have existed prior to and have not been altered since on or after March 15, 2012, that do not comply with the 1991 Standards must be modified (to the extent readily achievable) to comply with either the 1991 Standards or the 2010 Standards.

   c. Elements that have been altered on or after March 15, 2012, that do not comply with the 1991 Standards must be modified (to the extent readily achievable) to comply with the 2010 Standards.

35. Plaintiffs are not required to notify Defendant of their violation of the ADA nor their ongoing discrimination prior to the filing of this action. To that end, Plaintiffs have found that voicing concerns to employees and management, making phone calls, and writing letters is futile. In their experience the only way to spur action and achieve the accessibility required under the law is to file matters, like this one, and pray for the relief contained herein.

36. Plaintiffs are without adequate remedy at law and is suffering irreparable harm, including bodily injury consisting of emotional distress, mental anguish, suffering, and humiliation. Considering the balance of hardships between the Plaintiffs and the Defendant, a remedy in equity is warranted.  The public interest would not be disserved by the issuance of a permanent injunction.

37. Pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505, Plaintiffs are entitled to recovery of attorney's fees, costs, and litigation expenses from the Defendant.

38. Pursuant to 42 U.S.C. § 12188(a)(2), this Court is provided with authority to grant Plaintiffs injunctive relief, including an order to require the Defendant to alter the Holiday Inn Express and make the Subject Property readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the Subject Property until such time as the

Defendant cure their violations of the ADA.[10]

**WHEREFORE,** Plaintiffs respectfully request:

a. The Court issue a Declaratory Judgment determining that the Defendant is in violation of Title III of the ADA.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An Order requiring the Defendant to maintain the required accessible features at the Subject Property.

d. An award of attorney's fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205.

e. Such other relief as the Court deems just and proper and is allowable under Title III of the Americans with Disabilities Act.

---

[10] 42 U.S.C. § 12188(b)(2)

## COUNT II

### Violation of Colorado Anti-Discrimination Act, C.S.R. § 24-34-601 et seq. (CADA)

39. Plaintiffs reallege and incorporate by reference all the allegations contained in all of the preceding paragraphs.

40. John Meggs is a disabled individual as defined by C.S.R. § 24-34-301(2.5).

41. Defendant's facility is a place of public accommodation as defined by C.S.R. § 24-34-601(1).

42. Colorado law provides that no person shall be discriminated against in regard to public accommodations on the basis of disability.[11]

43. Pursuant to C.S.R. § 24-34-602(1) Mr. Meggs is authorized to bring a private action in any court of competent jurisdiction and to receive monetary damages.

44. Pursuant to C. S. R. § 24-34-602(1)(b) a person who violates provisions of the CADA based on a disability "shall be subject to the provisions of section 24-34-802." C. S. R. § 24-34-802 allows for a court order requiring compliance with the provisions of the violated section of the CADA, recovery of actual monetary damages, a statutory fine not to exceed three thousand five hundred dollars ($3,500.00), and an award of attorney fees and costs.

45. Pursuant to 3 CCR 708-1:60.1(A); the CADA, "is substantially equivalent to Federal law, as set forth in the Americans with Disabilities Act, as amended, and the Fair Housing Act concerning disability."

46. Pursuant to C.S.R. § 24-34-802(4); "a court that hears civil suits pursuant to this section shall apply the same standards and defenses that are available under the federal 'American with

---

[11] C.S.R. § 24-34-601(2)(b)

Disabilities Act of 1990', 42 U.S.C. § 12101 et seq., and its related amendments and implementing regulations."

47. As set forth above, Defendant has violated the Colorado Anti-Discrimination Act by denying Mr. Meggs, and all other disabled individuals, full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations afford to the public at a place of public accommodation.

48. As a result of the aforementioned discrimination through repeated exposure to architectural barriers and other harmful conditions, Mr. Meggs has sustained bodily injury in the form of emotional distress, mental anguish, suffering and humiliation.

**WHEREFORE**, Plaintiffs respectfully request:

a. That this Court assume jurisdiction.

b. An injunction ordering Defendant to comply with the CADA.

c. The Court issue a Declaratory Judgment determining that the Defendants are in violation of the CADA.

d. An award of monetary damages to Mr. Meggs; to the maximum extent permitted.

e. Reasonable attorney's fees and costs.

f. An Order requiring the Defendant to maintain the required accessible features at the Subject Property.

g. Other relief that this Court deems just and proper and is allowable under the CADA.

Respectfully submitted on this 23rd day of June 2022,

*/s/ Jon G. Shadinger Jr.*
Jon G. Shadinger Jr., Esq.
Shadinger Law, LLC

717 E. Elmer Street, Suite 7
Vineland, NJ 08360
Phone (609) 319-5399
Fax (314) 898-0458
js@shadingerlaw.com
*Attorney for Plaintiffs,*
*John Meggs and Access 4 All, Inc.*